IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNOLD DEVONNE BUTLER, | No. CIV S-08-1434-CMK-P |
| Petitioner, | |
| vs. | ORDER |
| THE ATTORNEY GENERAL OF THE STATE OF CALIFORNIA, et al., | |
| Respondents. | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is petitioner's petition for a writ of habeas corpus (Doc. 1), filed on June 23, 2008.  Petitioner has voluntarily consented to the undersigned magistrate judge conducting all proceedings in this case.

Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  In the instant case, it plainly appears from the petition that petitioner is not entitled to federal habeas relief.  In particular, the exhaustion of available state remedies is a prerequisite to a federal court's consideration of claims sought to be presented in habeas corpus proceedings.  See Rose v.

Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).  A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  See Picard v. Connor, 404 U.S. 270, 276 (1971), Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986).  Upon review of the instant petition, it appears to the court that petitioner has not exhausted his state court remedies as to any of his claims.  Petitioner claims in his petition that he appealed his conviction, but only to the Third Appellate District of Sacramento in 1994.  He states he did not seek further review of the appellate court's affirmation of his conviction.  He then claims he filed a petition for writ of habeas corpus in the Sacramento County Court.  He apparently did not file any other state habeas petitions.  In fact, he specifically states he did not appeal either his conviction or the denial of his habeas petition to the highest state court.  Moreover, petitioner has not alleged that such remedies are no longer available.

         Accordingly, IT IS HEREBY ORDERED that:

    1.    Petitioner shall show cause, in writing, within 20 days of the date of service of this order, why this case should not be summarily dismissed for failure to exhaust state court remedies; and

    2.    Alternatively, plaintiff may file a motion under Federal Rule of Civil Procedure 41(a) for a voluntary dismissal of this case without prejudice.

DATED: October 16, 2008

                                         */s/ Craig M. Kellison*
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE